# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32714

————————————

### UNITED STATES
*Appellee*

v.

### Lonnie E. SANDERS III
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 November 2022

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged on 10 June 2021 by SpCM convened at Royal Air Force Mildenhall, United Kingdom. Sentence entered by military judge on 27 July 2021: Bad-conduct discharge, confinement for 5 months, forfeiture of $1,190.00 pay per month for 6 months, and a reprimand.

*For Appellant:* Major Theresa L. Hilton, USAF.

*For Appellee:* Major Lecia E. Wright, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

Judge GRUEN delivered the opinion of the court, in which Senior Judge Key and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GRUEN, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas, of one specification of assault consummated by battery, (Charge I), in violation of Article 128, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 928, and one specification of failure to obey a lawful order (Charge II), in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1,190.00 pay per month for six months, and a reprimand.

Appellant has raised one issue: whether his sentence is inappropriately severe. We find it is not and that there is no error materially prejudicial to a substantial right of Appellant, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant's conviction for assault consummated by battery arose from his getting into bed with SP, a fellow Airman, and touching her between her legs with his hand while she was sleeping. For this conduct, Appellant was issued an order to remain 500 feet away from SP's residence, a room in the on-base dorms, which he violated resulting in his failure to obey a lawful order conviction.

Appellant enlisted in the United States Air Force on 7 January 2020. In the fall of 2020, he was stationed at Royal Air Force (RAF) Mildenhall, United Kingdom, where he met SP. Appellant became romantically interested in SP, while she denied having any reciprocal interest in Appellant. It was stipulated by the parties that the two "were close friends and went out together more than once." On 23 October 2020, SP invited Appellant to her dorm room where they watched a movie, laid together on her bed under the covers, and "ma[d]e out" before SP fell asleep. Appellant stated in his *Care*[2] inquiry that he too fell asleep under the covers on SP's bed and believed they had both slept "a couple of hours" before he awoke. Upon awaking, he could see that SP was still sleeping, yet he put his hands down her pants, under her underwear, and touched SP "between her butt" which he described as an area "like between her legs." Appellant denied touching her vagina. Appellant admitted that nothing in their conduct towards or with each other would have led him to believe she wanted to be touched while she slept, and he understood that SP could not consent to the touching because she was sleeping.

SP awoke to Appellant touching her. She became upset immediately, confronted Appellant, and then kicked him out of her room. SP reported Appellant's conduct to her commander, who issued a Military Protective Order (MPO) to Appellant on 29 October 2020, requiring him to stay at least 500 feet away from SP's residence in the dorms at RAF Mildenhall. The MPO was still

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

in effect on 7 February 2021, when SP saw Appellant in the dayroom of her dorm building. The dayroom was less than 500 feet from SP's room. Appellant admitted that after receiving the MPO, which he believed was a lawful order, he continued to go to the dayroom to play games with his friends.

On 3 May 2021, charges were referred to a general court-martial, which included, *inter alia*, a sexual assault charge for "touch[ing] [SP's] vulva with his finger with an intent to gratify his sexual desire without her consent" in violation of Article 120, UCMJ, 10 U.S.C. § 920. On 14 May 2021, Appellant entered into a plea agreement whereby, in exchange for Appellant's guilty plea, the convening authority agreed, *inter alia*, to "[w]ithdraw and dismiss the [ ] charges referred on 3 May 2021," prefer a charge of assault consummated by battery in violation of Article 128, UCMJ, and prefer anew the failure to obey a lawful order specification. The convening authority also agreed to refer the new charges to a special court-martial, thereby reducing the potential sentence Appellant could receive. The maximum allowed punishment based on Appellant's guilty plea at a special court-martial was a bad-conduct discharge, 12 months' confinement, forfeiture of two-thirds pay per month for 12 months—or an equivalent fine, and a reprimand.

## II. DISCUSSION

### A. Law

We review issues of sentence appropriateness de novo. *See United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to review a case for sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to, considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

### B. Analysis

The maximum punishment Appellant could have received for the crimes with which he was convicted was a bad-conduct discharge, 12 months'

confinement, monthly forfeitures of two-thirds pay for 12 months, and a reprimand—which trial counsel argued was an appropriate punishment. The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeitures of $1,190.00 pay per month for six months, and a reprimand.

Appellant argues the sentence imposed by the military judge was inappropriately severe because he took responsibility for his actions by admitting his wrongdoing and pleading guilty to the charged offenses. He further argues that his guilty plea "is a significant rehabilitative step that should have weighed in his favor." Additionally, Appellant relies on his presentation of mitigation evidence to support his argument that his sentence was too severe. We do not agree that Appellant's adjudged sentence was inappropriately severe.

The circumstances surrounding the assault consummated by a battery are aggravating. Appellant admitted that he knew SP was not interested in him romantically and that "nothing sexual happened prior to her falling asleep that could have led the [Appellant] to believe she wanted to be touched after she was asleep." Even so, he made his way into bed with SP; lifted the blankets; pulled up her pants so that he could access her body, knowing that she was asleep and could not consent to his touching her; and proceeded to put his hand under her clothing touching her on her buttocks and between her legs.

The circumstances surrounding the violation of a lawful order are also aggravating. Appellant knew, as of 29 October 2020, when he received the MPO requiring him to stay at least 500 feet away from SP's dorm, that he was lawfully obligated to obey the order. Appellant understood the order had a valid military purpose, specifically "[i]t prevents things from escalating and people getting upset." Still, he made a knowing and conscious decision to go to the dayroom in SP's dorm building on 7 February 2021, so that he could play games with his friends. SP saw Appellant and subsequently reported the violation. There is no indication that Appellant had any respect for the order, or more importantly, the reason behind the order, which was to protect SP from being exposed to Appellant given the allegations against him. We have conducted a thorough review of Appellant's entire court-martial record, including Appellant himself, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial. We conclude that the nature and seriousness of the offenses support the adjudged sentence. Understanding we have a statutory responsibility to affirm only so much of the sentence that is correct and should be approved, Article 66(d), UCMJ, we conclude that the sentence is not inappropriately severe, and we affirm the sentence adjudged and as entered by the military judge.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court